**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11   BRICKLAYERS AND ALLIED                No. C-09-01589-CW (DMR)
     CRAFTWORKERS LOCAL UNION NO. 3,
12   et al.,
                                           **ORDER RE SUPPLEMENTAL**
13              Plaintiffs,                 **BRIEFING ON SERVICE OF**
                                            **OPERATIVE COMPLAINT**
14        v.                                **AND RE EVIDENCE OF AGREEMENTS**

15   JOHN L. PALOMINO, et al.,

16              Defendants.
     _____/
17

18        Plaintiffs are the International Union of Bricklayers and Allied Craftworks, AFL-CIO, Local

19   No. 3 ("Union"), and various trust funds, trustees and fiduciaries of multiemployer employee benefit

20   plans.[1]  Asserting claims pursuant to the Employee Retirement Income Security Act ("ERISA"), *see*

21   29 U.S.C. § 1132, Plaintiffs brought an action in April 2009 against Defendant John Loney

22   Palomino ("Defendant"), as an individual and doing business as "LRF Resinous Flooring,"[2] wherein

23

24

25   _____

26        [1]  These entities are the Trustees of the Northern California Tile Industry Pension Trust Fund,
     the Trustees of the Northern California Tile Industry Health and Welfare Trust Fund, the Trustees of
27   the Northern California Tile Industry Apprenticeship and Training Trust Fund, the Trustees of the
     International Union of Bricklayers and Allied Craftworkers Pension Fund, the Tile Industry Promotion
28   Fund of Northern California, Inc., and the Tile Employers Contract Administration Fund.

          [2]  Plaintiffs are only seeking default judgment against Defendant Palomino as an individual.
     Plaintiffs also initially sued two other companies that have been dismissed with prejudice from the case.

**United States District Court**
For the Northern District of California

1   Plaintiffs sought wages and fringe benefits allegedly owed pursuant to the terms of a collective

2   bargaining agreement and trust fund agreements.

3   After Defendant failed to respond to Plaintiffs' First Amended Complaint, the Clerk entered

4   default on March 30, 2010.  Plaintiffs thereafter filed an Application for Default Judgment

5   ("Application") against Defendant.  On April 5, 2010, the matter was referred to this Court for a

6   report and recommendation on Plaintiffs' Application.  A hearing on Plaintiffs' Application was

7   subsequently set by this Court for July 8, 2010.

8   Pursuant to this Court's order dated May 4, 2010, Plaintiffs' counsel submitted a

9   supplemental declaration on May 11, 2010 regarding Plaintiffs' attempts to serve Defendant with

10  pleadings since the inception of this case.  Plaintiffs also submitted a First Amended Application for

11  Default Judgment ("Amended Application"), which incorporated information about the history of

12  service attempts on Defendant.

13  Based on the May 11, 2010 supplemental declaration by Plaintiffs' counsel, questions have

14  now arisen as to whether Plaintiffs have effected proper service of the operative complaint.  The

15  Court also notes that Plaintiffs have not submitted the trust fund agreements nor a full copy of the

16  executed collective bargaining agreement to which Defendant is allegedly a party.

17  Therefore, as set forth below, the Court orders that Plaintiffs provide: (1) supplemental

18  briefing regarding proper service of process of the operative complaint; and (2) evidence of the

19  collective bargaining agreement and trust fund agreements at issue.

20  ## I. PROCEDURAL HISTORY

21  On April 10, 2009, Plaintiffs filed suit against Defendant.  *See* Docket No. 1.  On April 28,

22  2009, the summons on the original complaint was returned executed, attesting that Defendant had

23  been served with the summons and complaint on April 23, 2009.  *See* Docket No. 4.

24  Subsequently, on December 18, 2009, Plaintiffs filed a First Amended Complaint ("FAC"),

25  which added a new defendant *and* two new claims against Defendant Palomino.  *See* Docket No. 20.

26  On March 29, 2010, Plaintiffs filed a Request to Clerk to Enter Default of Defendant

27  Palomino, accompanied by a declaration of Plaintiffs' counsel in support of the Request.  *See* Docket

28  No. 29.  In the declaration, Plaintiffs' counsel attested that "[s]ervice on defendant John Loney

United States District Court

For the Northern District of California

1 Palomino in accordance with Rule 4(h) F.R.C.P., of a copy of the first amended summons and first
2 amended complaint was completed on January 6, 2010.  The amended summons and the return of
3 service are on file in this action."  *See* Docket No. 29.

4     On March 30, 2010, the Clerk entered default as to Defendant.  *See* Docket No. 30.

5     On April 30, 2010, Plaintiffs filed an Application for Default Judgment ("Application")
6 against Defendant.  *See* Docket No. 35.  In their Application, Plaintiffs again represented that
7 Defendant had been "served" with the FAC on January 6, 2010.  *See id.*  (Application at 2).
8 Plaintiffs did not file a proof of service of the Application, and while not entirely clear from the
9 record, it appeared that Plaintiffs had not attempted service of the Application on Defendant.

10     On May 4, 2010, noting due process concerns, this Court ordered Plaintiffs to submit a
11 supplemental declaration setting forth Plaintiffs' reasonable efforts to locate Defendant's most
12 current postal address or other contact information for purposes of effecting service of the
13 Application.  *See* Docket No. 42.

14     On May 11, 2010, Plaintiffs' counsel submitted a supplemental declaration ("Supp. Khtikian
15 Decl.") indicating that two new addresses had been located for Defendant.  *See* Docket No. 45.
16 Plaintiffs also filed a First Amended Application for Default Judgment ("Amended Application"),[3]
17 along with a proof of service.  *See* Docket No. 44.  In the supplemental declaration, Plaintiffs'
18 counsel attested that Defendant was "served" with the FAC at his last known address at the time, via
19 U.S. mail.  *See* Docket No. 45 (Supp. Khtikian Decl. ¶ 8).

20                              **II.  DISCUSSION**

21 A.     **Service of Process.**

22     Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Plaintiffs applied for
23 default judgment under the FAC.  The supplemental declaration submitted by Plaintiffs' counsel on
24 May 11, 2010, which indicated the FAC was *mailed* to Defendant's last known address, prompts
25 new concerns as to whether the Court may properly exercise personal jurisdiction over Defendant.

26 

27     [3]  Plaintiffs' Amended Application for Default Judgment, which renews Plaintiffs' initial
Application and seeks the identical amount in damages, differs from Plaintiffs' initial Application by
28 incorporating additional information regarding previous service attempts on Defendant, as attested to
in the accompanying supplemental declaration of Plaintiffs' counsel.

**United States District Court**
For the Northern District of California

1    Plaintiffs must first demonstrate proper service of the operative complaint in accordance with the

2    requirements of the applicable Federal Rules of Civil Procedure.

3         Specifically, Rule 5(a)(2) requires that a pleading asserting new claims for relief be served

4    on a party in default for failing to appear, in the manner provided for under Rule 4.  In turn, Rule 4

5    generally requires personal service of a summons with the complaint.  However, the record does not

6    reflect that Plaintiffs effected proper service of a summons along with the FAC on Defendant.

7         1.    Adequate service of process of the operative complaint is a threshold matter.

8         As a preliminary matter, a court must first "assess the adequacy of the service of process on

9    the party against whom default judgment is requested."  *Board of Trustees of the N.Cal. Sheet Metal*

10   *Workers v. Peters*, No. C-00-0395 VRW, 2000 U.S. Dist. LEXIS 19065, at *2 (N.D. Cal. Jan. 2,

11   2001).  It is fundamental that "[b]efore a federal court may exercise personal jurisdiction over a

12   defendant, the procedural requirement of service of summons must be satisfied."  *Omni Capital*

13   *Int'l., Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987), *superseded by statute on other grounds*,

14   Futures Trading Practices Act of 1992, Pub. L. No. 102-546, § 211, 106 Stat. 3590, 3607-08 (1992);

15   *see also Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir.

16   1988) (stating that "[a] federal court does not have jurisdiction over a defendant unless the defendant

17   has been served properly" under Fed.R.Civ.P. 4, requiring service of summons and complaint).

18        Because default judgments generally are disfavored, courts have required "strict compliance

19   with the legal prerequisites establishing the court's power to render the judgment."  *See Varnes v.*

20   *Local 91, Glass Bottle Blowers Ass'n*, 674 F.2d 1365, 1369 (11th Cir. 1982).  Where the party

21   seeking default judgment has not shown that the defendant has been provided with adequate notice

22   of an action, "it is inappropriate to conclude that the defendant 'has failed to plead or otherwise

23   defend'" under Fed.R.Civ.P. 55(a).  *See Downing v. Wanchek*, No. CIV S-07-1599 JAM EFB, 2009

24   WL 256502, at *3 (E.D. Cal. Jan. 30, 2009) (quoting Fed.R.Civ.P. 55(a)).

25        2.    Rule 5(a)(2) applies when a party is in default for failing to appear and the amended

26             complaint alleges new claims for relief.

27        By mailing the FAC to Defendant and ostensibly attempting service without a summons,

28   Plaintiffs appear to have relied incorrectly on Rules 5(a)(1)(B) and 5(b) of the Federal Rules of Civil

4

**United States District Court**
For the Northern District of California

1  Procedure.  Instead, proper service here is governed by Rule 5(a)(2) because Defendant has not

2  appeared in the action.

3      Rule 5 of the Federal Rules of Civil Procedure permits service of an amended complaint by

4  mail to a defendant's last known address, without personal service of the summons and complaint,

5  *see* Fed.R.Civ.P. 5(a)(1)(B) and 5(b)(2)(C), "if the original complaint is properly served *and the*

6  *defendant[ ] appeared in the first instance*."  *See Employee Painters' Trust v. Ethan Enters., Inc.*,

7  480 F.3d 993, 995-96, 999 (9th Cir. 2007) (emphasis added); *see also Fluor Eng'rs & Constructors,*

8  *Inc. v. S. Pac. Transp. Co.*, 753 F.2d 444, 449 & n.7 (5th Cir. 1985) (explaining that "service

9  [pursuant to Rules 5(a)(1)(B) and 5(b)] is proper only after a party has appeared in an action"

10  because purpose of Rule 5, which is to facilitate the pleadings process by permitting service on

11  attorneys rather than individual litigants, cannot be fulfilled until litigant has appeared and

12  established counsel of record; and holding that service of cross-action without summons was

13  defective because defendant had not yet appeared in action).

14      Accordingly, where a defendant has *not* made an appearance, Rule 5(a)(2) specifically

15  applies to service of an amended complaint alleging new claims for relief against the defendant.  *See*

16  Fed.R.Civ.P. 5(a)(2).  In this instance, Rule 5(a)(2) mandates service of the amended complaint

17  pursuant to Rule 4, which requires service of summons.[4]  *See id*.

---

18      4    Rule 5(a)(2) reads:

19      "No service is required on a party who is in default for failing to appear.  But a pleading
   that asserts a new claim for relief against such a party must be served on that party under

20  Rule 4."  Fed.R.Civ.P. 5(a)(2).

21      Rule 4(c)(1) reads in part:
       "A summons must be served with a copy of the complaint." Fed.R.Civ.P. 4(c)(1).

22      Rules 4 and 5(a)(2) of the Federal Rules of Civil Procedure, as they apply to parties in default

23  for failing to appear, "reflect a policy that a defendant should receive notice of all claims for relief upon
   which a court may enter judgment against him." *See Varnes*, 674 F.2d at 1368.  Even where the plaintiff

24  actively does not pursue default on a new claim in an amended complaint or the court does not grant the
   requested relief under a new claim, personal service of the amended complaint is required under Rules

25  4 and 5(a)(2).  *See id*. at 1369-70 (explaining that Rule 5(a)(2) facilitates due process because a
   defendant faced with new claims is entitled to take a position on those new claims, including whether

26  to admit or deny the allegations, irrespective of whether the plaintiff decides later not to pursue those
   claims); *see also Blair v. City of Worcester*, 522 F.3d 105, 109 (1st Cir. 2008) (noting that Rule 5(a)(2)

27  "ensures that a party, having been served, is able [to] make an informed decision not to answer a
   complaint without fearing additional exposure to liability for claims raised only in subsequent

28  complaints that are never served").

United States District Court

For the Northern District of California

Furthermore, a court need not have adjudicated a party as being "in default" in order to trigger the applicability of Rule 5(a)(2).  Rather, for purposes of Rule 5(a)(2), a party who has failed to appear in the action is a party in "default for fail[ing] to appear." *Varnes*, 674 F.2d at 1367, 1368 & n.3 (holding default judgment void because amended complaint, although served by mail before the clerk had entered default, was required by Rule 5(a)(2) to be served personally pursuant to Rule 4 on a party that had not made an appearance) (quoting Fed.R.Civ.P. 5(a)(2)); *accord Cutting v. Allenstown*, 936 F.2d 18, 21 n.1 (1st Cir. 1991) (noting that for purposes of Rule 5(a)(2), defendants are "parties in default" when defendants have been served with summons and do not appear and answer within the required period, even when clerk has yet to enter default) (citing *Varnes*, 674 F.2d at 1368 n.3).[5]  *See generally Employee Painters' Trust*, 480 F.3d at 999 (quoting Rule 5(a)(2) as setting forth the "circumstances in which amended complaints must be served pursuant to Rule 4" and finding that defendants-appellants were *not* in default for failing to appear under Rule 5(a)(2) because they had participated actively in the litigation and filed an answer to the original complaint);[6] 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1146 (3d ed. 2010) (commenting that "it is clear that amended...pleadings must be served on parties who have not yet appeared in the action in conformity with Rule 4").

---

[5]  *See also Patel v. Dameron Hosp.*, No. CIV S-99-1275 DFL PAN PS, 2000 WL 35619441, at *4 & n.2  (E.D. Cal. June 23, 2000) (stating generally that "when a plaintiff seeks to serve an amended complaint that alleges new claims on a defendant who has not appeared, the combination of Rules 4 and 5[(a)(2)] require a summons to be served together with a copy of the amended complaint") (citing *Anunciation v. W. Capital Fin. Servs. Corp.*, No. 95-15845, 1996 WL 534049, at *1-2 (9th Cir. Sept. 19, 1996) (unpublished), and *Fluor Eng'rs & Constructors*, 753 F.2d at 449 n.7).

[6]  The Court here underscores the Ninth Circuit's holding in *Employee Painters' Trust*, 480 F.3d at 995-96, 999, that service of an amended complaint under Rules 5(a)(1)(B) and 5(b) is permitted if the original complaint was properly served and *the defendant has made an appearance in the action.* For all practical purposes, this holding moots the technical question of whether an actual entry of default is necessary before a party may be deemed "in default for failing to appear" in order to trigger Rule 5(a)(2).  Regardless of whether or not that is the case, a party may *not* avail itself of the more relaxed standard under Rules 5(a)(1)(B) and 5(b) to effect proper service of an amended complaint unless the defendant has appeared in the first instance.  *See Employee Painters' Trust*, 480 F.3d at 995-96, 999. Thus, in the situation at bar, even if assuming *arguendo*, Rule 5(a)(2) did not govern service of the FAC because default had not been entered by the clerk at the time service was attempted, Plaintiffs nevertheless would be required to serve the FAC under Rule 4.  This is so by virtue of the fact that Defendant has not made an appearance in this action, which bars service of the FAC under Rules 5(a)(1)(B) and 5(b) and consequently renders ineffective such service attempts.  *See Employee Painters' Trust*, 480 F.3d at 995-96, 999.

6

**United States District Court**
For the Northern District of California

1    Plaintiffs' FAC alleged two new claims for relief against Defendant (the third claim, for

2    violations of California Labor Code §§ 1720, *et seq*., and the fourth claim, for breach of contract).

3    *See* Docket No. 20.  Because Defendant has not made an appearance in this action, service of the

4    FAC by mail pursuant to Rules 5(a)(1)(B) and 5(b)(2)(C) is not proper.  Rather, Rule 5(a)(2),

5    requiring service under Rule 4, applies in this situation.

6          3.    <u>Rule 4 requires service of a summons along with the operative complaint, pursuant to</u>

7          <u>either federal or California law governing service of summons.</u>

8        Rule 4 of the Federal Rules of Civil Procedure, in turn, provides that "[a] summons must

9    be served with a copy of the complaint."  Fed.R.Civ.P. 4(c)(1).  Generally, service of process on an

10   individual may be accomplished by delivering a copy of the summons and complaint personally

11   upon the defendant, by leaving the documents at the defendant's dwelling or usual place of abode

12   with someone of suitable age and discretion who resides there, or by delivery upon an authorized

13   agent.  Fed.R.Civ.P. 4(e)(2).

14       Alternatively, Rule 4 provides that an individual "may be served in a judicial district of the

15   United States by…following state law for serving a summons in an action brought in courts of

16   general jurisdiction in the state where the district court is located or where service is made.…"

17   Fed.R.Civ.P. 4(e)(1).  California law, in turn, provides for personal service of process, or after

18   reasonable diligence, substitute service by "leaving a copy of the summons and complaint at the

19   person's dwelling house, usual place of abode, usual place of business, or usual mailing address…in

20   the presence of a competent member of the household or a person apparently in charge of his or her

21   office, place of business, or usual mailing address…at least 18 years of age, who shall be informed

22   of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by

23   first-class mail, postage prepaid to the person to be served at the place where a copy of the summons

24   and complaint were left."  Cal. Code Civ. Proc. § 415.20(b).

25       It does not appear that Plaintiffs have demonstrated service of the summons and amended

26   complaint in accordance with the requirements of Rule 4, neither pursuant to Fed.R.Civ.P. 4(e)(2),

27   nor pursuant to Fed.R.Civ.P. 4(e)(1) and Cal. Code Civ. Proc. § 415.20(b).  Contrary to the

28   attestation of Plaintiffs' counsel in the Request to Clerk to Enter Default of Defendant, *see* Docket

United States District Court

For the Northern District of California

1    No. 29, a review of the docket and proof of service at issue does not indicate that a summons on the

2    FAC was ever issued as to Defendant Palomino, nor that personal or substitute service of the FAC

3    together with the summons was effected on him.  After the FAC was filed, Plaintiffs appear to have

4    issued a summons *only as to the new defendant* added in the FAC.  *See* Docket No. 21 (Letter of

5    Hancock, instructing clerk that "a summons needs to be issued for the added defendant"); Docket

6    No. 23 (proof of service as to newly-added defendant only).  In fact, the proof of service on

7    Defendant Palomino filed on March 17, 2010 by Plaintiffs' counsel indicates only that the amended

8    complaint, without a summons, was served by mail, and not discernibly pursuant to the procedures

9    for substitute service under California law.  *See* Docket No. 25.

10           4.    <u>Supplemental briefing regarding proper service of the operative complaint.</u>

11           Given that service of the FAC upon which Plaintiffs are moving for default is a threshold

12   matter, the Court orders that Plaintiffs provide supplemental briefing on the question of whether

13   service of the FAC as to Defendant was proper, including the legal and factual basis for any

14   argument, if applicable, that Plaintiffs are in substantial compliance with service of process

15   requirements.[7]

16           In the alternative, the Court notes that ineffective service of the FAC arguably would render

17   the original complaint operative for purposes of seeking default judgment[8] – if the original complaint

18   has been served properly.  However, even in this scenario, Plaintiffs face potential issues: (1) the

---

19           [7]   The Ninth Circuit mandates "substantial compliance" with Rule 4.  *See Daly-Murphy v.*

20   *Winston*, 837 F.2d 348, 355 (9th Cir. 1987); *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982).
     Substantial compliance has been found where: (a) the party that had to be served personally received

21   actual notice; (b) the defendant would suffer no prejudice from the defect in service; (c) there is a
     justifiable excuse for the failure to serve properly; and (d) the plaintiff would be severely prejudiced if

22   the complaint were dismissed.  *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984).  Actual notice
     by itself will not subject a defendant to personal jurisdiction if service was not made in substantial

23   compliance with Rule 4.  *See Jackson*, 682 F.2d at 1347.  Substantial compliance with service of process
     has also been required under California law.  *See, e.g., Dill v. Berquist Constr. Co.*, 24 Cal. App. 4th

24   1426, 1436-37 (1994).

25           [8]   *See, e.g., Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 669 (2d Cir. 1977) (holding that where
     an amended complaint is required to be served under Rule 5(a)(2), the amended complaint does not

26   supersede the original complaint until properly served); *Blair*, 522 F.3d at 109 (noting that "it is
     doubtful that the unserved amended complaint in fact superseded the original complaint"); *Doe v.*

27   *Unocal Corp.*, 27 F. Supp. 2d 1174, 1180 (C.D. Cal. 1998) (commenting that the rule on supersedure
     "more likely to be adopted" by the Ninth Circuit is the Second Circuit rule that an original complaint

28   is not superseded until proper service of the amended complaint).

United States District Court

For the Northern District of California

1  Clerk has entered default on the FAC and Plaintiffs have applied for default judgment under the

2  FAC, not the original complaint; (2) Plaintiffs' original complaint sought damages for a shorter

3  period of time than that alleged in the FAC;[9] and (3) a cursory review of the proof of service of the

4  original complaint reveals that it, too, may not have been served properly on Defendant.

5  Apparently, Plaintiffs attempted substitute service of the original complaint as permissible under

6  California law, but the proof of service filed on April 28, 2009 only indicates that the summons and

7  complaint were left with "office staff."  Contrary to California law on service of process, there is no

8  indication in the proof of service that the "office staff" was "apparently in charge of…[Defendant's]

9  office," that he was "at least 18 years of age," and that he was "informed of the contents" of the

10  complaint.  *See* Cal. Code Civ. Proc. § 415.20(b); Docket No. 4.

11      If in lieu of proceeding under the FAC, Plaintiffs instead seek default judgment under the

12  *original complaint*, Plaintiffs are ordered to: (a) submit a Request for Entry of Default by the Clerk

13  on the original complaint; and (b) file a Second Amended Application for Default Judgment, with

14  supporting declarations, which sets forth the legal and factual basis establishing that the original

15  complaint has not been superseded by the amended complaint and thus should be deemed the

16  operative complaint; the legal and factual basis demonstrating proper service of the original

17  complaint (including, if applicable, whether there was substantial compliance with the relevant

18  service requirements under federal or California law); and the legal and factual basis for the

19  damages sought (including the basis for seeking any damages which pre-date the damages alleged in

20  the original complaint, if Plaintiffs maintain their right to damages from October 2008 until paid, as

21  _____

22      [9]   Under Rule 54(c) of the Federal Rules of Civil Procedure, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed.R.Civ.P. 54(c).  The FAC, upon which Plaintiffs' Amended Application for Default Judgment is based, seeks damages commencing from October 2008 until paid; the original complaint, on the other hand, seeks damages from January 2009 until paid.  The Court notes that damages on default have been awarded where they have accrued after a complaint was filed – and thus have differed from the amount of damages sought in the prayer for relief – in cases where the complaint *prospectively* described that additional damages may become due.  *See, e.g., Board of Trustees of the San Mateo Hotel Employees v. Lady Luck Gourmet LLC*, No. C 09-1544 BZ, 2010 WL 1459714, at *2 (N.D. Cal. March 17, 2010); *Board of Trustees of the Sheet Metal Workers Local 104 Health Care Plan v. Total Air Balance Co.*, No. 08-2038 SC, 2009 WL 1704677, at *5 (N.D. Cal. June 17, 2009).  In contrast, should Plaintiffs here move for default under the original complaint but nevertheless seek damages for the time period commencing from October 2008, three months previous to the period alleged in the original complaint, damages would then be sought *retrospectively* for months where arguably Defendant Palomino has not received notice that damages were at issue – thus raising distinct due process concerns.

1   alleged in the FAC).

2   **B.      Agreements at Issue.**

3          In the FAC, Plaintiffs allege that Defendant was bound by a collective bargaining agreement

4   ("CBA") requiring him to pay wages and fringe benefits to the Union's members, in which

5   Defendant also agreed to be bound by the terms and conditions of various trust agreements.  *See*

6   Docket No. 20 (FAC ¶ 8).  In support of the Amended Application for Default Judgment, Plaintiffs'

7   counsel submitted an *unsigned* partial copy of the CBA between the Union and the Tile, Terazzo,

8   Marble and Restoration Contractors Association of Northern California, Inc., which does not appear

9   to indicate that Defendant was a party to the CBA.  The Court hereby orders Plaintiffs to provide

10  any and all evidence establishing that Defendant agreed to be bound by the terms and conditions of

11  the CBA and various trust agreements as alleged, including without limitation a full copy of the

12  CBA signed by Defendant.

13         Furthermore, Plaintiffs have not provided evidence that Defendant agreed to be bound by the

14  trust agreement of the International Union of Bricklayers and Allied Craftworkers Pension Fund,

15  which is named as one of the Plaintiff trust funds in the FAC.  As noted above, Plaintiffs did provide

16  a partial copy of the CBA, which includes a section identifying the various trust fund agreements by

17  which employer signatories agree to be bound.  However, the partial copy of the CBA does not

18  mention the International Union of Bricklayers and Allied Craftworkers Pension Fund.  *See* Docket

19  No. 37 (Khtikian Decl. ¶ 4, Exh. 2, CBA § 83).  Plaintiffs should therefore provide any and all

20  evidence establishing that Defendant agreed to be bound by the trust agreement of the International

21  Union of Bricklayers and Allied Craftworkers Pension Fund.

22         Finally, to the extent that Plaintiffs rely on the trust agreements as setting forth the terms of

23  any and all damages sought through default judgment, Plaintiffs are ordered to provide full copies of

24  the relevant trust agreements, with pertinent sections highlighted for the Court.

25

26                              **III.  CONCLUSION**

27  The July 8, 2010 hearing on Plaintiffs' Amended Application is **vacated**.

28

**United States District Court**
For the Northern District of California

10

United States District Court
For the Northern District of California

By no later than **June 23, 2010**:

(1)   Plaintiffs shall submit supplemental briefing on the question of whether the FAC was properly served, including the legal and factual basis for any argument, if applicable, that Plaintiffs are in substantial compliance with service of process, pursuant to either federal or California law.  In the alternative, if in lieu of proceeding under the FAC, Plaintiffs are instead seeking default judgment under the *original complaint*, Plaintiffs need not submit the supplemental brief regarding the FAC but shall:

(a)   submit a Request for Entry of Default by the Clerk on the original complaint; and

(b)   file a Second Amended Application for Default Judgment, with supporting declarations, which sets forth: (i) the legal and factual basis establishing that the original complaint has not been superseded by the amended complaint and thus should be deemed the operative complaint; (ii) the legal and factual basis demonstrating proper service of the original complaint (including, if applicable, whether there was substantial compliance with the relevant service requirements under federal or California law); and (iii) the legal and factual basis for the damages sought (including the basis for seeking any damages which pre-date the damages alleged in the original complaint, if Plaintiffs maintain their right to damages from October 2008 until paid, as alleged in the FAC).

(2)   Plaintiffs shall provide evidence of all agreements as described in Section II.B., above.

(3)   At the same time Plaintiffs' supplemental briefing and evidence as ordered herein are submitted to the Court, Plaintiffs shall serve Defendant with a copy of the supplemental briefing and evidence at the two last known postal addresses for Defendant, as identified in the May 11, 2010 Supplemental Declaration of Kent Khtikian.  *See* Docket No. 45.  Plaintiffs shall also file a proof of service with the Court.

**United States District Court**
For the Northern District of California

1     Upon resolution of the threshold questions regarding proper service of process, and the

2   provision of proof regarding the agreements at issue, the Court will determine whether further

3   supplemental evidence or information relating to damages will be required and whether a new

4   hearing date on Plaintiffs' Amended Application for Default Judgment will be set.

5     Immediately upon receipt of this order, Plaintiffs shall serve a copy of this order on

6   Defendant at his two last known postal addresses, and file a proof of service with the Court.

7     IT IS SO ORDERED.

8

9

10

11   Dated: June 2, 2010

12                                DONNA M. RYU
                                 United States Magistrate Judge
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28