United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRICKLAYERS AND ALLIED CRAFTWORKERS LOCAL UNION NO. 3, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JOHN L. PALOMINO, et al., <br><br> Defendants. <br> _____/ | No. C-09-01589-CW (DMR) <br><br> **ORDER RE PLAINTIFFS' MEMORANDUM IN RESPONSE TO COURT'S ORDER DATED JUNE 2, 2010** |

This Court is in receipt of Plaintiffs' Memorandum In Response to Court's Order Dated June 2, 2010 ("Memorandum"). *See* Docket No. 48. In this Court's two previous orders, dated May 4 and June 2, 2010, the Court raised various questions with respect to proper service of process by Plaintiffs on Defendant John Palomino ("Defendant"), against whom Plaintiffs are moving for default judgment.

In order to provide proper context, the Court sets forth an abbreviated procedural history below:

- On April 10, 2009, Plaintiffs filed a complaint against Defendant Palomino and other parties, which asserted claims pursuant to the Employee Retirement Income Security Act (ERISA).

- On December 18, 2009, Plaintiffs filed a First Amended Complaint ("FAC"), which added two new claims for relief against Defendant Palomino. *See* Docket No. 20.
- On March 29, 2010, Plaintiffs filed a Request to Clerk to Enter Default of Defendant Palomino. *See* Docket No. 29.
- On March 30, 2010, the Clerk entered default as to Defendant. *See* Docket No. 30.
- On April 30, 2010, Plaintiffs filed an Application for Default Judgment ("Application") against Defendant. *See* Docket No. 35. In their Application, Plaintiffs represented that Defendant had been "served" with the FAC on January 6, 2010. *See id.* (Application at 2). Plaintiffs did not file a proof of service of the Application, and while not entirely clear from the record, it appeared that Plaintiffs had not attempted service of the Application on Defendant.
- On May 4, 2010, noting due process concerns, this Court ordered Plaintiffs to submit a supplemental declaration setting forth Plaintiffs' reasonable efforts to locate Defendant's most current postal address or other contact information for purposes of effecting service of the Application. *See* Docket No. 42.
- On May 11, 2010, Plaintiffs' counsel submitted a supplemental declaration ("Supp. Khtikian Decl.") indicating that two new addresses had been located for Defendant. *See* Docket No. 45. Plaintiffs also filed a First Amended Application for Default Judgment ("Amended Application"), along with a proof of service. *See* Docket No. 44. In the supplemental declaration, Plaintiffs' counsel attested that Defendant was "served" with the FAC at his last known address at the time, *via U.S. mail*. *See* Docket No. 45 (Supp. Khtikian Decl. ¶ 8). The May 11, 2010 supplemental declaration by Plaintiffs' counsel raised serious questions for this Court as to whether Plaintiffs had effected proper service of the operative complaint and summons – given that service by mail pursuant to Fed.R.Civ.P. 5(a)(1)(B) and 5(b)(2)(C) is not proper where a defendant has not appeared in an action, and Fed.R.Civ.P. 5(a)(2) requiring service of the FAC together with a summons under Fed.R.Civ.P. 4 applies

2

in this instance. *See* Fed.R.Civ.P. 4 and 5; Docket No. 46 (June 2, 2010 Order at 3-8).

- On June 2, 2010, given that proper service of the FAC upon which Plaintiffs were moving for default is a threshold matter affecting the jurisdiction of this Court and thus the determination of whether default judgment may be granted, the Court extensively set forth the service issues that Plaintiffs should address. The Court then provided Plaintiffs with an opportunity to present supplemental briefing by no later than June 23, 2010 on the question of whether service of the FAC as to Defendant was proper, including the legal and factual basis for any argument, if applicable, that Plaintiffs are in substantial compliance with service of process requirements. *See* Docket No. 46.

- On June 22, 2010, Plaintiffs filed the instant Memorandum. *See* Docket No. 48. In the Memorandum, Plaintiffs repeated that the FAC was served *by mail* on Defendant and did not set forth any explanation as to whether service of the FAC was still somehow proper. *See id.* (Memorandum at 2). In fact, Plaintiffs opted not to address the questions raised by this Court with respect to service of the FAC and stated that "supplemental briefing is premature." *See id.* (Memorandum at 1). Plaintiffs then proceeded to indicate that they have engaged a process server to re-attempt service of the FAC and First Amended Summons on Defendant, and requested 45 days to do so. *See id.* (Memorandum at 3). Plaintiffs also stated that upon completion of new service of process, Plaintiffs will file a request for entry of default by the Clerk on the properly served FAC and another application for default judgment should Defendant fail to answer. *See id.* (Memorandum at 3).

In sum, Plaintiffs have not yet demonstrated, through a supplemental brief or otherwise, that proper service of the FAC together with a summons has been effected. Indeed, according to the Memorandum, Plaintiffs are not presently claiming that its past service attempt was adequate and instead are attempting service anew. Thus, supplemental briefing on this issue is not premature, as

3

1  Plaintiffs should have been able to inform this Court whether Defendant was properly served on
2  January 6, 2010 or anytime thereafter up to the date of filing of the Memorandum.  Because
3  Plaintiffs have not submitted any supplemental briefing on this issue as previously ordered by this
4  Court on June 2, 2010 and due by no later than June 23, 2010, Plaintiffs have waived their
5  opportunity to claim that any previous service attempt of the FAC on Defendant was proper.

6      Consequently, the Court must note at this juncture that since Plaintiffs' FAC was filed on
7  December 18, 2009, *see* Docket No. 20, Plaintiffs' complaint has been pending for over 120 days
8  and therefore may be subject to dismissal under Fed.R.Civ.P. 4(m).

9      Because Plaintiffs have nonetheless indicated that they are newly attempting service of the
10 FAC and summons, **within twenty-eight (28) days** of the date of this order, Plaintiffs shall file a
11 proof of service that demonstrates proper service in compliance with federal or California law, as
12 appropriate.  Here, the Court emphasizes that even if Plaintiffs are able to show proper service of the
13 FAC after June 22, 2010, the FAC still would have been served outside of 120 days under
14 Fed.R.Civ.P. 4(m).  Thus, along with any proof of service, **within twenty-eight (28) days** of the
15 date of this order, Plaintiffs must also provide supplemental briefing as to why good cause exists
16 (and in so doing, address the various good cause factors that courts in this circuit may consider) for
17 this Court to recommend to the District Court that an extension of time for service of the FAC
18 should be granted in order to give effect to Plaintiffs' otherwise untimely service.[1]  *See, e.g.*, *Efaw v.*
19 *Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007); *United States v. 2,164 Watches*, 366 F.3d 767, 772-
20 73 (9th Cir. 2004); *Board of Trustees of the Sheet Metal Workers Local 104 Health Care Plan v.*
21 *Total Air Balance Co.*, No. 08-2038 SC, 2009 WL 1704677, at * 2-3 (N.D. Cal. June 17, 2009).
22 This Court will  consider any good cause argument that Plaintiffs have presented pursuant to this

---

[1] In the Memorandum, Plaintiffs also stated that they may attempt service by publication if personal service fails – without any indication of the time period Plaintiffs may request for such publication or any legal basis as to whether or not publication in this situation would satisfy Plaintiffs' service requirements under federal or California law.  Therefore, this Court cannot evaluate Plaintiffs' suggested course of action at this time.  Should Plaintiffs not be able to effect proper service of the FAC within 28 days of the date of this order and believe it is appropriate to request additional time for service, in order to serve by publication or otherwise, Plaintiffs must submit to this Court supplemental briefing setting forth its proposal for effecting proper service, the legal and factual basis for any request for publication or other means of effecting proper service, and why good cause exists for an extension of time for service.  Such supplemental briefing shall be submitted **within twenty-eight (28) days of the date of this order**.

4

order as part of the report and recommendation to the District Court on Plaintiffs' application for default judgment.

Immediately upon receipt of this order, Plaintiffs shall serve a copy of this order on Defendant at his two last known postal addresses, and file a proof of service with the Court.

IT IS SO ORDERED.

Dated: June 28, 2010



DONNA M. RYU
United States Magistrate Judge

United States District Court
For the Northern District of California

5